UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

FAVOUR ADAMS,

    Plaintiff,

v.

ABOVE ALL RECOVERY CENTER, LLC,
A Florida limited liability company.

    Defendant.
_____/

**NOTICE OF REMOVAL**

# EXHIBIT A

Filing # 74250031 E-Filed 06/28/2018 02:13:59 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

FAVOUR ADAMS,

  Plaintiff,

v.

ABOVE ALL RECOVERY CENTER, LLC, a Florida limited liability company

  Defendant.

## COMPLAINT

COMES NOW the Plaintiff, FAVOUR ADAMS ("Plaintiff"), by and through undersigned counsel, and files this complaint, suing the Defendant, ABOVE ALL RECOVERY CENTER, LLC ("Defendant"), and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for money damages in excess of Fifteen-Thousand Dollars ($15,000.00), exclusive of fees and costs, to redress deprivation of rights secured to the Plaintiff, as a result of the unlawful employment practices of the Defendant, a Florida limited liability company, in violation of Section 440.205, Fla. Stat.

2. The Plaintiff is a resident of Broward County, Florida and is otherwise *sui juris*.

3. The Defendant is a recovery center in Broward County, Florida.

4. The unlawful employment practices occurred and/or were committed in Broward County, Florida.

5. At all times material hereto, the Defendant was and continues to be a Florida limited liability company doing business in and engaging in substantial activities in Broward County, Florida.

6. At all times material hereto, the Plaintiff was an employee of Defendant.

7. At all times material hereto, the Defendant was an "employer" within the meaning of Section 440.02, Florida Statutes.

## GENERAL ALLEGATIONS

8. At all times material hereto, Plaintiff was employed by Defendant as a behavioral technician.

9. Plaintiff was employed with the Defendant from January 2016 through June 28, 2016.

10. The Plaintiff suffered an industrial accident on June 24, 2016 when she slipped and fell on spilled liquid on the floor. She suffered an injury as a result.

11. Plaintiff notified her immediate supervisor/manager and completed the requisite incident report.

12. Plaintiff sought medical treatment and/or workers' compensation benefits for her work-related injuries, pursuant to Florida law.

13. Subsequent to seeking medical treatment/workers' compensation benefits, the Plaintiff was terminated by the Defendant. On June 28, 2016, the Plaintiff's supervisor terminated her for purportedly failing to follow proper procedures in reporting an on-the-job accident.

14. Defendant never offered Plaintiff her job back, never informed Plaintiff that the law requires Defendant to provide medical treatment to its injured workers and to pay workers who miss work due to work-related injuries, never advised Plaintiff that the work-related injury did not signify that her job had to end, never advised Plaintiff on the best course of

action to maintain her employment, never advised the Plaintiff that she was entitled to workers' compensation, medical treatment, and continued pay for time that she missed due to the injury. The Defendant did not want Plaintiff to know of the rights she had under workers' compensation.

15. Prior to the work accident on June 28, 2016, Plaintiff never received any written or verbal warnings. There were never any admonitions or negative treatment in her record. She was not late or tardy. If there were any absences, they were excused absences. Plaintiff had a stellar record prior to her accident. After her accident, Defendant became upset that Plaintiff was hurt and needed workers' compensation, showing discrimination against the Plaintiff.

16. Plaintiff enjoyed her job and projected remaining employed for the foreseeable future, up to another ten (10) years.

17. All conditions precedent to the filing of this action have occurred, have been performed, or have otherwise been waived or excused.

## COUNT I: RETALIATORY DISCHARGE PURSUANT TO F.S. 440.205

18. Plaintiff realleges and restates Paragraphs 1 through 17 as if fully set forth herein.

19. Florida Statute 440.205 states:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

20. After Plaintiff was injured on the job, she sought medical treatment through the workers' compensation carrier and/or servicing agent of the Defendant or via a private medical facility.

21. Plaintiff's injuries were of such a severity that she required evaluation and treatment.

22. Defendant was aware the Plaintiff was an employee who had gotten hurt on the job and had requested workers' compensation benefits.

23. Defendant terminated Plaintiff's employment while it knew that Plaintiff had been hurt on the job and had applied for worker's compensation benefits.

24. Defendant's decision to terminate the Plaintiff was causally related to the Plaintiff's injury and request for workers' compensation benefits because the termination occurred during a close proximal time from the date of her accident and the time the Plaintiff requested workers' compensation. The Defendant knew or should have known of Plaintiff's entitlement to workers' compensation benefits.

25. The termination only occurred because the Plaintiff was entitled to engage in, or did engage in, the statutorily protected activity of seeking medical treatment after getting hurt on the job.

26. The Defendant's action of terminating Plaintiff after she sought medical treatment for her work-related injuries constitutes an intentional tort.

27. The Defendant is liable to the Plaintiff for emotional distress because of Defendant's intentional acts. Plaintiff has suffered emotionally and had a difficult time supporting herself because she was unemployed and injured.

28. As a direct and proximate result of the Defendant's unlawful and willful actions, as set forth above, the Plaintiff has suffered damages and will continue to suffer damages in the future, including, but not limited to:

    a. Loss of past and future income;

    b. Loss of future earning capacity;

c. Loss of other fringe benefits;

d. Stress, mental anguish, anxiety, and emotional distress;

e. Loss of capacity for the enjoyment of life

f. Medical care and treatment; and

g. Other financial losses.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows: (a) awarding the Plaintiff actual and consequential damages, plus interest; (b) awarding Plaintiff compensatory damages for pain, suffering, and humiliation; (c) awarding the Plaintiff back pay, prejudgment interest, post-judgment interest, and damages for all employment and retirement benefits she would have received but for the Defendant's actions and/or omission; and (d) any and other further relief as this Court deems just and appropriate.

### Demand for Jury Trial

Plaintiff demand trial by jury on all issues so triable as of right by jury.

Respectfully submitted this 28th day of June, 2018.

By: s/Michelle Cohen Levy

Michelle Cohen Levy. FBN 0068514

**The Law Office of Michelle Cohen Levy, P.A.**

633 SE Third Avenue, Suite 4F
Fort Lauderdale, Florida 33301
P: (954) 651-9196 | F: (954) 463-1245

Michelle@CohenLevyLegal.com

*Counsel for Plaintiff*